<div style="color:red; text-align:center">CORRECTED</div>

# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-2070V

|  |  |
|---|---|
| TIMOTHY SISNEROS, | Chief Special Master Corcoran |
| Petitioner, | |
| v. | Filed: February 8, 2024 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

*Jeffrey S. Pop, Jeffrey S. Pop & Associates, Beverly Hills, CA,* for Petitioner.

*Benjamin Patrick Warder, U.S. Department of Justice, Washington, DC,* for Respondent.

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On December 30, 2020, Timothy Sisneros filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that he suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza vaccination he received on September 30, 2019. Petition at 1. On September 15, 2023, I issued a decision awarding damages to Petitioner, based on Respondent's proffer. ECF No. 38.

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $27,728.22 (representing $27,122.20 for fees and $606.02 for costs). Petitioner's Application for Attorneys' Fees and Costs, filed Nov. 30, 2023, ECF No. 43. In accordance

---

[1] In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

with General Order No. 9, Petitioner filed a signed statement indicating that Petitioner incurred no out-of-pocket expenses. ECF No. 43-4.

Respondent reacted to the motion on December 12, 2023, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, 3 n.2, ECF No. 44. Petitioner filed no reply.

I have reviewed the billing records submitted with Petitioner's request. In my experience, the request appears reasonable, and I find no cause to reduce the requested hours or rates.

I note this case required additional briefing regarding the issue of severity. *See* Respondent's Motion to Dismiss and Rule 4(c) Report, filed Nov. 10, 2022, ECF No. 24; Petitioner's Response, filed Nov. 15, 2022, ECF No. 25. Petitioner's counsel expended approximately 0.8 hours drafting the response and approximately 10.50 hours drafting supporting affidavits. ECF No. 43-2 at 12-15 I find this amount of time to be reasonable and will award the attorney's fees requested. (And all time billed to the matter was also reasonably incurred.)

Lastly, Petitioner has provided supporting documentation for all claimed costs and Respondent offered no specific objection to the rates or amounts sought. ECF No. 43-3. I have reviewed the requested costs and find them to be reasonable.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). I award a total of **$27,728.22 (representing $27,122.20 for fees and $606.02 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Jeffrey S. Pop.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.